485 A.2d 54

**Hyland D. ROGERS, Appellant,**

**v.**

**Milton LU, M.D., and Milton Lu, M.D. Ltd.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1984.

Filed Nov. 23, 1984.

---

Neil J. Rovner, Harrisburg, for appellant.

Peter J. Curry, Harrisburg, for appellees.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

This case presents the question under what circumstances evidence may be used to corroborate testimony that proper consent was obtained for a surgical procedure.

On February 1, 1978, appellant consulted with Dr. Milton Lu concerning an injury to the ring finger of her right hand. The doctor during examination commented on a small bend on the tip of appellant's right little finger. Appellant explained the deformity had existed for more than twenty years without causing her trouble. Dr. Lu suggested he could repair the little finger as well as the ring finger. Appellant agreed.

The operation to the ring finger was successfully completed. The operation to the little finger, a more complicated procedure requiring a tendon transplant, failed. Appellant suffered a contraction of her little finger. The contraction caused the other fingers of her right hand to draw toward her palm in a claw-like fashion. Ultimately, the little finger was amputated.

Appellant sued Dr. Lu. The gravamen of her complaint was that the doctor failed to inform her adequately of the possible adverse consequences of the elective surgery. The matter proceeded to trial. A jury found for the doctor. This appeal follows.

The test of informed consent is "whether the physician disclosed all those facts, risks and alternatives that a reasonable man in the situation which the physician knew or should have known to be the plaintiff's would deem significant in making a decision to undergo the recommended

treatment." *Cooper v. Roberts*, 220 Pa.Super. 260, 267, 286 A.2d 647, (1971). Appellant testified that the doctor failed to explain the risks and complications of surgery to her little finger. R. 60a–61a; 66a; 99a–100a. Dr. Lu responded that he had detailed the risks and complications. R. 275a–279a. The issue for the jury then reduced to a question of credibility.

Against this backdrop, appellant argues that the trial court erred in permitting Dr. Lu's former nurse to testify that the doctor usually explained the surgery and attendant risks to his prospective patients. *See* R. 334a–337a. We agree.

The lower court concluded that "this testimony was used solely to refute plaintiff's testimony on direct examination and cross-examination that *nothing* was ever said to her." Lower ct.op. at 5 (emphasis in original). To the extent that the nurse's testimony would tend to establish that the doctor did talk to appellant, it is relevant to show that a conversation did take place. What is in dispute, however, is not the fact of the conversation, but its substance. A doctor is charged with the duty to explain not only the operation itself but also the seriousness of the procedure, its risks, complications and alternatives. The essence of the informed consent is knowledge by the patient of the risks of a particular surgical procedure under circumstances of her individual case. Allowance of the nurse's testimony conveyed a tacit recognition by the court that the nurse had determined on previous occasions that the risks explained to other patients were medically correct as risks, complications and alternatives to surgery.

The nurse did not say that she had been present at appellant's consultation. Rather she testified as to the doctor's standard procedure. Danger inhered that the jury would receive the nurse's testimony as an implied opinion that the information conveyed to the patient was accurate and sufficient. The prejudice which could accompany the testimony far outweighed its probative value. Allowance of the nurse's testimony constituted reversible error.

The order denying appellant's motion for a new trial is reversed, judgment vacated, and case remanded for a new trial. Jurisdiction is relinquished.