## Bonn-Miller v. Carella

C.P. of Montgomery County, no. 96-14603.

*Ronald Yen,* for plaintiff.
*Richard Galli,* for defendant Carella.
*Mary March,* for defendant Bryn Mawr Hospital.
*Kevin Wright,* for defendant Cohen.

NICHOLAS, *J.,* April 16, 1998—The plaintiff appeals from this court's order dated February 19, 1998 which granted Dr. Carella's motion for judgment of non pros and entered judgment in favor of Dr. Carella on all of the plaintiff's claims and cross-claims.

On September 30, 1996, the plaintiff, represented by counsel, Stephen Long, Esquire, filed a complaint seeking recovery for personal injuries resulting from medical malpractice. She alleged that Dr. Cohen and Dr. Carella treated her at Bryn Mawr Hospital with chemotherapy and radiation to cure her of invasive moderately differentiated squamous cell carcinoma of the anal and perianal area and that this treatment left her infertile and in pain. She further alleged that her injuries were caused by the defendants' breach of express and implied warranties, by the defendants' breach of their duty of due care, and by the defendants' breach of their duty to obtain her informed consent.

The defendants filed preliminary objections which prompted the plaintiff to file an amended complaint on November 18, 1996 omitting the allegations of breach of warranty but reiterating the allegations of breach of duty of due care and breach of duty to obtain informed consent.

Bryn Mawr Hospital and Dr. Carella filed preliminary objections to the amended complaint, both arguing (1) that the allegations pertaining to lack of informed consent should be stricken as the law imposes no duty to obtain a patient's informed consent prior to chemotherapy and radiation, and (2) that the amended complaint fails to allege negligence with the required specificity. Bryn Mawr Hospital, alone, argued in the alternative that any duty to obtain informed consent is a nondelegable duty of the treating physician and that a hospital cannot be held liable for a physician's failure to obtain informed consent. By order dated February 26, 1997, this court sustained both sets of preliminary objections by striking the allegations pertaining to lack of informed consent and directing the plaintiff to file within 60 days a second amended complaint setting forth specific allegations of negligence against Bryn Mawr Hospital and Dr. Carella.

On July 9, 1997, Dr. Cohen filed preliminary objections to the plaintiff's amended complaint. As did the defendants before him, Dr. Cohen argued that the allegations pertaining to lack of informed consent should be stricken and that the allegations of negligence lack the required specificity.

On August 27, 1997, Bryn Mawr Hospital filed a motion for judgment upon default and on September 8, 1997, Dr. Carella filed a motion for judgment of non pros. These two defendants styled their motions differently but they advanced the same argument, spe-

cifically, that the plaintiff has no intent to file a second amended complaint and that dismissal of the plaintiff's case is an appropriate sanction for the plaintiff's failure to file a second amended complaint within 60 days. The plaintiff filed answers admitting that she does not intend to file a second amended complaint.

Meanwhile, this court sustained the pending preliminary objections filed by Dr. Cohen by order dated September 18, 1997. In doing so, this court struck the plaintiff's allegations of breach of the duty to obtain informed consent and struck the plaintiff's allegations of negligence which lacked the required specificity.

On December 9, 1997, this court granted Bryn Mawr Hospital's motion for judgment upon default. Regarding Dr. Carella's motion for judgment of non pros, oral argument was scheduled for February 19, 1998. At oral argument, Mr. Long, plaintiff's former counsel, candidly explained that he agrees with this court that the law applicable at the time this case arose imposes no duty to obtain informed consent prior to chemotherapy and radiation, and that a hospital cannot be liable under such a theory under any circumstances. Mr. Long further conceded that there was no basis for a negligence claim, apart from a claim for lack of informed consent. This court granted Dr. Carella's motion for judgment of non pros by order dated February 19, 1998.

On March 13, 1998, Mr. Long withdrew his appearance for plaintiff, and new counsel, Ronald C. Yen, Esquire, entered his appearance. The plaintiff filed timely her notice of appeal and supplied this court with a concise statement of matters complained of on appeal. The entirety of the plaintiff's concise statement is as follows:

"(1) The court erred in sustaining defendant Carella's preliminary objections to plaintiff's amended complaint and in striking Count II of said complaint. The court should have permitted plaintiff to proceed with her claim

that defendant Carella failed to obtain informed consent with respect to the administration of radiation.

"(2) In addition, the court erred in granting Carella's preliminary objections and in striking Count II of plaintiff's amended complaint by failing to attach any legal significance to the fact that Carella had undertaken to obtain informed consent, but had done so improperly and inadequately by failing to inform plaintiff of the fact that radiation would render her sterile and cause premature menopause and other associated medical or physical problems.

"(3) For the foregoing reasons, the court erred in granting judgment in favor of defendant Carella and against plaintiff.

"(4) For the reasons set forth in paragraphs 1 and 2 above and paragraph 5 below, the court erred in sustaining defendant Bryn Mawr Hospital's preliminary objections to plaintiff's amended complaint, in striking Count VI of said complaint and, consequently, in entering judgment in favor of the hospital and against plaintiff. The court also erred in concluding in this case that, as a matter of law, a physician's duty to obtain informed consent is nondelegable.

"(5) The court erred in granting defendant Cohen's preliminary objections to plaintiff's amended complaint and in dismissing Count IV of said complaint. The court should have permitted plaintiff to proceed with her claim that defendant Cohen failed to obtain or obtain proper and adequate informed consent with respect to the administration of chemotherapy and/or radiation."

## DISCUSSION

This court properly ruled that the defendants had no legal duty to obtain the plaintiff's informed consent

prior to the administration of the chemotherapy and radiation. It is the applicable law in Pennsylvania that the informed consent doctrine does not apply to radiation or chemotherapy. *Dible v. Vagley,* 417 Pa. Super. 302, 612 A.2d 493 (1992), *appeal denied,* 535 Pa. 619, 629 A.2d 1380 (1993). This is because the doctrine is based exclusively on traditional battery theory and distinguishes between surgical procedures, to which the doctrine applies, and nonsurgical procedures, to which the doctrine does not apply. This is because "the performance of a surgical procedure upon a patient without his consent constitutes a technical assault or a battery because the patient is typically unconscious and unable to object." *Morgan v. MacPhail,* 704 A.2d 617, 620 (Pa. 1997) (citing *Gray v. Grunnagle,* 423 Pa. 144, 155, 223 A.2d 663, 668-69 (1966)). This court properly ruled that the defendants had no legal duty to obtain the plaintiff's informed consent.[1]

The plaintiff argues that "[t]he court also erred in concluding in this case that, as a matter of law, a physician's duty to obtain informed consent is nondelegable." Concise statement, ¶4. And the plaintiff argues that "the court erred . . . by failing to attach any legal significance to the fact that Carella had undertaken to

---

1. It should be noted that the law has changed. It is now the law that, "[e]xcept in emergencies, a physician owes a duty to a patient to obtain the informed consent of the patient or the patient's authorized representative prior to conducting . . . radiation or chemotherapy." 40 P.S. §1301.811-A(a)(2). However, this statute became effective January 25, 1997 and did not apply to this case because the plaintiff complained of conduct which occurred prior to August 14, 1996, the date she file a praecipe for the issuance of a writ of summons. 1 Pa.C.S. §1926 ("No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.").

18

obtain informed consent, but had done so improperly and inadequately by failing to inform plaintiff of the fact that radiation would render her sterile and cause premature menopause and other associated medical or physical problems." Concise statement, ¶2. These arguments lack merit. Pennsylvania law does "not impos[e] upon hospitals the duty of obtaining informed consent." *Kelly v. Methodist Hospital,* 444 Pa. Super. 427, 433, 664 A.2d 148, 151 (1995). "Under normal circumstances only the physician who performs the operation on the patient has the duty of obtaining the patient's informed consent." *Id.* at 431, 664 A.2d at 150 (quoting *Foflygen v. Zemel,* 420 Pa. Super. 18, 615 A.2d 1345 (1992), *alloc. denied,* 535 Pa. 619, 629 A.2d 1380 (1992)). Similarly, it has been held that attempts to inform a patient of the risks of medical treatment do not amount to the assumption of a legal duty to obtain informed consent greater than that imposed by law. *Id.* at 434, 664 A.2d at 151.

For the reasons set out above, our order dated February 19, 1998 should be affirmed.