# Lebish v. Whitehall Manor Inc.

C.P. of Lehigh County, no. 2001-C-2226.

*John O'Rourke,* for plaintiffs.
*William J. Mundy,* for defendant.

FORD, *J.,* June 12, 2002—This matter is before the court on defendant's preliminary objections to plaintiffs' complaint. By agreement of the parties, the issues were submitted on brief.

According to the complaint, plaintiffs' decedent, Theresa Lebish, resided at the facility of the defendant, Whitehall Manor Inc., from approximately November 16, 1999, to December 31, 1999. Mrs. Lebish was an 82-year-old widow. The complaint describes Whitehall Manor only as a Pennsylvania corporation which contracted to provide care to Mrs. Lebish.

According to the complaint, Mrs. Lebish's stay at Whitehall Manor was marred by several falls; she was choked and punched by another resident of the facility; had money stolen from her pocketbook; and suffered other unfortunate incidents. Her physical condition deteriorated in that she developed pneumonia, gained weight, and was less active than she was before her time at Whitehall Manor.

On December 31, 1999, Mrs. Lebish fell again and was admitted to the hospital with a compression fracture of the lower back. Mrs. Lebish passed away on February 1, 2000.

Suit was brought on January 10, 2001, by the personal representatives of Mrs. Lebish's estate. Plaintiffs' complaint has counts for breach of contract, negligence, violations of the unfair trade practice and consumer protection laws, breach of express and implied warranties, and fraudulent misrepresentation. Each claim relates to Mrs. Lebish's residence at Whitehall Manor.

Defendant's first preliminary objection is a motion to strike for failure of the pleading to conform to law. This objection is based on the fact that the plaintiffs failed to attach to the complaint a copy of the contract between Mrs. Lebish and Whitehall Manor.

Pennsylvania Rule of Civil Procedure 1019(i) provides:

"When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing."

In paragraph 4 of the complaint, plaintiffs state that "[a] copy of the contract is unavailable to plaintiffs." Plaintiffs attached a copy of a reservation agreement between Mrs. Lebish, Cynthia Bruce as a concerned party, and Whitehall Manor to hold a place for Mrs. Lebish at the facility.

Common sense dictates that "[w]ritings that are in the possession of an opposing party need not be attached to a pleading, because in such instances, the reason for this subdivision of the Rule (Rule 1019(i)) is not present." Goodrich-Amram 2d, volume 2, §1019(i):8, pp. 307-308, citing *Leiby v. New Hampshire Insurance Co.,* 51

D.&C.2d 643 (1971); *Bloomsburg Mills Inc. v. Sordoni Construction Co.,* 14 D.&C.2d 551 (1958), *aff'd,* 401 Pa. 358, 164 A.2d 201 (1960).

Whitehall Manor was a party to the residence agreement entered with Mrs. Lebish. Accordingly, it has or should have in its possession a copy of the contract. The reason for the rule does not exist in such a situation. Accordingly, the complaint will not be stricken for failure to conform to law. We cannot imagine that there is any confusion about the contract document upon which suit is brought. If there is more than one contract signed by Mrs. Lebish or there is truly confusion about the document upon which suit is based, the court stands ready to assist upon further application during discovery.

The second preliminary objection is a demurrer to the contract claim. Defendant contends that this case sounds primarily in tort and that Pennsylvania law, therefore, requires that an associated contract claim be dismissed. Defendant refers to the contract claim as redundant.

A demurrer should be granted only where, on the facts averred, the law provides with certainty that no recovery is possible. *Bauer v. Pottsville Area Emergency Medical Services Inc.,* 758 A.2d 1265 (Pa. Super. 2000); *Juban v. Schermer,* 751 A.2d 1190 (Pa. Super. 2000).

We cannot discern at this stage of the proceedings if the contract claim is completely redundant to the tort claim. Based upon the averments in the complaint, there are allegations of wrongdoing that may be exclusively contract matters and other allegations that may be exclusively tort matters. Discovery will refine the many allegations stated by the plaintiffs against the defendant. If the court is again presented with this issue prior to trial,

the court will be in a better position to determine whether the contract theory of liability or the tort theory or both are submitted to the jury. Discovery will enable us to then determine what we cannot determine now, that is, whether one claim is completely redundant to the other claim.

It is true that the long list of claimed misconduct stated by the plaintiffs in Count I is identical to the long list of claimed misconduct in Count II. We will address below the sufficiency of these many allegations. However, that the two lists are identical does not alter the right of the plaintiffs to proceed, at the present time, under both theories.

There are excellent discussions providing guidance in deciding if acts should be classified as contract issues or whether they should be seen as tort issues in *Redevelopment Authority of Cambria County v. International Insurance Co.,* 454 Pa. Super. 374, 391-92, 685 A.2d 581, 589-90 (1996), *alloc. denied,* 548 Pa. 649, 695 A.2d 787 (1997) and *Bash v. Bell Telephone Co.,* 411 Pa. Super. 347, 355-57, 601 A.2d 825, 829-30 (1992). In both opinions, the Superior Court indicates that a tort claim can preclude a contract claim when the defendant's alleged wrongful act is the "gist of the action" with the contract's being collateral. Further, the Superior Court explained that the important difference between contract and tort actions is that a contract action arises from "the breach of duties imposed by mutual consensus" while the tort action comes into being from "the breach of duties imposed as a matter of social policy." For now, the plaintiffs may proceed under both theories of liability because it is premature to classify the gist of this suit.

The defendant, Whitehall Manor, next states a motion to strike for lack of specificity. It wants the contract claim (Count I) stricken on the basis that the complaint supposedly does not allege essential facts for each element of a contract cause of action.

Under Pennsylvania law, a plaintiff who wishes to prevail on a breach of contract claim must demonstrate that there was an agreement which the defendant breached which resulted in damages to the plaintiff. *Matthews v. Unisource Worldwide Inc.,* 748 A.2d 219 (Pa. Super. 2000), *alloc. denied,* 568 Pa. 653, 795 A.2d 977 (2000).

Our review of Count I of the complaint reveals that the plaintiff has sufficiently pled the existence of an agreement or contract between the parties, that the defendant breached it and that damages were suffered by plaintiffs' decedent. Accordingly, there is no merit to this preliminary objection and it is overruled.

There are several preliminary objections alleging lack of specificity of many allegations of the complaint. Pa.R.C.P. 1019(a) requires "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." This rule requires specificity in pleading.

We now list the allegations of the complaint which are deficient by not being sufficiently specific. We strike these allegations from the complaint but provide the plaintiffs leave to amend the complaint within 30 days of the date of our order.

The offending paragraphs of the complaint which are stricken are: 28; 30(a), (b), (g), (i), (j), (k), (l), (m), (n), (p), (r), (s), (t), (u), (v), (w), (y), (aa), (ab); 17; 24; 35(b), (i), (k), (m), (o), (p), (q), (t), (ad), (ae), (af), (ag), (ai),

(am), (aq), (ar); and Count III. Each of these portions of the complaint is vague, does not advise the defendant of the exact nature of its offending conduct, and does not advise defendant what it should have done.

The next preliminary objection is a demurrer by the defendant to Count IV of the complaint which purports to set forth a cause of action for "breach of express and implied warranties." Defendant has sought alternative relief if the demurrer is denied, namely, a motion to strike for lack of specificity.

Count IV states as the basis for the cause of action the failure of the defendant to provide the services promised in written advertising and promotional materials. This appears to be a reason for the breach of express warranty claim. Plaintiffs add that the warranty claims are based upon the fact that Whitehall Manor is a personal care home subject to administrative regulations at title 55, sections 2620.1-2620.83 of the Pennsylvania Code.

The breach of warranty claims in Count IV are vague at best. We cannot tell from the complaint how what is alleged in Count IV gives rise to a cause of action for a breach of express or implied warranties. Apparently, these claims relate to Whitehall Manor's existence as a personal care home. However, the complaint does not identify Whitehall Manor as a personal care facility, and it is unclear how that classification of the facility gives rise to breach of warranty claims in the context of what happened to Mrs. Lebish.

We deny the demurrer to Count IV. We grant the preliminary objection to strike Count IV for lack of specificity. The plaintiffs are provided the opportunity to redraft this portion of their complaint in an effort to set

forth a clearly stated viable cause of action for breach of warranty. This aspect of the complaint requires substantial reworking.

Defendant's next preliminary objection is in the nature of a demurrer or, in the alternative, to strike allegations of corporate negligence because they are not specific. Defendant argues that Count II, the negligence count, does not provide sufficiently specific allegations for a corporate negligence claim under *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991).

It did not appear from our reading of the complaint that the plaintiffs were attempting to state a claim for corporate negligence against the defendant under *Thompson* principles. However, in their brief, we see that plaintiffs are attempting to extend *Thompson* and make its principles apply to personal care facilities.

*Thompson* has been extended in *Shannon v. McNulty,* 718 A.2d 828 (Pa. Super. 1998) to health maintenance organizations. However, our research does not reveal any case wherein personal care facilities were held liable for breach of the *Thompson* duties.

If plaintiffs plan to use this case to extend *Thompson* to personal care facilities, their complaint is deficient as the starting point to do that. As we pointed out earlier, the complaint does not adequately identify the nature of the entity that is Whitehall Manor. Further, the allegations of Count II are insufficient in setting forth the specific acts of negligence. In a previous part of this opinion, we identified the portions of the complaint which do not meet pleading requirements for any negligence claim. If plaintiffs plan to advance their apparently novel theory, further specificity must be provided in accord with

*Thompson.* (This is not to be construed as a statement of the viability of a corporate negligence claim against a personal care facility for breach of *Thompson* duties. In fact, any attempt by the plaintiffs to proceed against the defendant on such a theory appears legally implausible to us. Final determination must be left to another date after we have a properly drafted amended complaint.)

The next preliminary objection is to Count V which is a claim for fraudulent misrepresentation. The defense argues that the pleading is too general, so the plaintiffs have not complied with Pa.R.C.P. 1019(b). We agree. Thus, we strike Count V from the complaint but provide the opportunity to the plaintiffs to draft an amended complaint which satisfies Pa.R.C.P. 1019(b).

Paragraph 47 of the complaint, purporting to set forth the alleged misrepresentations, is impermissibly general. Plaintiffs need to identify what misrepresentations were made, by whom they were made, how they were made, and when they were made. Plaintiffs must set forth why they are alleging that the statements were false. Plaintiffs must plead how they and their decedent relied upon the misrepresentations and how the claims of injury relate to reliance upon the misrepresentations.

The next preliminary objections pertain to Count III which is styled "Unfair Trade Practices and Consumer Protection Law." The first of these preliminary objections is a demurrer based on the argument that an action under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1 through 201-9.2, does not lie against physicians or personal care homes who, according to the defendant, are not guarantors of their work as physicians are not guarantors of their work. The second

of these preliminary objections is to strike this count from the complaint because the allegations lack specificity. We grant the second of the preliminary objections, strike this count from the complaint, but we provide the plaintiffs the opportunity to amend the count to see if a claim under this statute can be adequately crafted and properly stated.

In its demurrer, the defendant relies upon *Foflygen v. Zemel,* 420 Pa. Super. 18, 36, 615 A.2d 1345, 1354 (1992), *alloc. denied,* 535 Pa. 619, 629 A.2d 1380 (1993) for the proposition that a claim under UTPCPL cannot be brought against a physician or other similar providers of health care services. *Foflygen* only addresses the inapplicability of the UTPCPL to physicians providing treatment. We cannot determine whether UTPCPL is inapplicable to the defendant, Whitehall Manor, until the complaint is amended to set forth the plaintiffs' contention as to the nature of Whitehall Manor. This is Count III's first deficiency.

The defendant is accurate that Count III contains vague averments to which an appropriate response cannot be made. The UTPCPL is designed to thwart misrepresentations and other fraudulent conduct that create a likelihood of confusion or misunderstanding. 73 P.S. §201-2 (4). See *Foflygen, supra,* 420 Pa. Super. at 36, 615 A.2d at 1354 and *Dibble v. Penn State Geisinger Clinic Inc.,* 42 D.&C.4th 225 (1999). Of course, averments of fraud must be set forth with particularity. Pa.R.C.P. 1019(b). The allegations of improper conduct by plaintiffs specified in paragraphs 38 (in its entirety), 39 and 40 do not meet the required standard. Missing from the complaint under this count is information similar to what is miss-

ing under Count V which alleges fraudulent misrepresentation. What are the services and the characteristics of them that were represented by the defendant? How and by whom were these representations made? What is meant by the "particular standard, quality or grade" of defendant's services? How did the defendant fail to meet the standards? What was advertised? In what fashion did the defendant fraudulently fail to comply with the terms of written contracts? Was there more than one contract? Plaintiffs also need to specify in what way the plaintiffs were dissatisfied with defendant's services and in what fashion did defendant fail to adequately respond and take corrective measures to the expressed dissatisfaction. What damages were suffered as a result of improper conduct by the defendant? Once again, our addressing the deficiencies with what is set forth in Count III is not an indication that the plaintiffs can set forth a viable claim under the UTPCPL. We need a properly drafted amended complaint to decide the viability of the claim.

The final preliminary objection is to strike paragraph 20 of the complaint "for failure to conform to law." Defendant complains that paragraph 20 contains more than one material allegation and so it violates Pa.R.C.P. 1022. If there is a pleading violation in paragraph 20, it is de minimis. Accordingly, we overrule and dismiss this preliminary objection.

## ORDER

Now, June 12, 2002, after consideration of the defendant's preliminary objections and the briefs of the attorneys (the matter was submitted on brief by agreement of the parties), it is hereby ordered that the prelimi-

nary objections are sustained in part and overruled in part as explained in the accompanying memorandum opinion. The complaint is stricken with leave to file an amended complaint within 30 days which amended complaint must be consistent with the memorandum opinion.