Judy **CORRIGAN**

v.

**METHODIST HOSPITAL,** Sanford
**H. Davne, M.D.** and **Donald**
**Myers, M.D.**

Civ. A. No. 94–CV–1478.

United States District Court,
E.D. Pennsylvania.

Nov. 1, 1994.

Joseph L. Messa, Jr., Thomas W. Sheridan, Giuliana F. Robertson, Mark W. Tanner, Ominsky, Welsh and Steinberg, P.C., Philadelphia, PA, for plaintiff.

Nancy A. Nolan, Kimberly A. Cummings, Post & Schell, P.C., Philadelphia, PA, for defendant: Methodist Hosp.

Kevin H. Wright, Wright, Young & McGilvery, P.C., Amalia V. Romanowicz, Plymouth Mtg. Exec. Campus, Plymouth Meeting, PA, for defendant: Sanford H. Davne, M.D.

Daniel F. Ryan, III, Christine A. Egan, O'Brien & Ryan, Plymouth Meeting, PA, for defendant: Donald Myers, M.D.

## *MEMORANDUM*

JOYNER, District Judge.

Before the Court is a Motion of Defendant Methodist Hospital for Judgment on the Pleadings as to Counts III, VII and VIII of Plaintiff's Complaint. Also before the Court is Defendant Davne's Motion for Judgment on the Pleadings as to Count VIII of Plaintiff's Complaint, in the form of a Joinder to Methodist's Motion.

The facts of this case have been discussed in earlier opinions of this Court and will not be repeated here.

## STANDARD OF REVIEW

In this Motion, Defendants seek Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). This rule gives District Courts the power to enter judgment based solely on the pleadings. In order to grant a motion for judgment on the pleadings, it must be apparent that there are no issues of material fact and that only questions of law exist. *Britamco Underwriters v. C.J.H., Inc.,* 845 F.Supp. 1090, 1092 (E.D.Pa. 1994), *aff'd,* 37 F.2d 1485 (3d Cir. 1994); *Cardio–Medical Assoc. v. Crozer–Chester Medical Ctr.,* 536 F.Supp. 1065 (E.D.Pa. 1982); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1367 at 509–10 (1990). A court is required to "view the facts presented in the light most favorable to the nonmoving party" (*Society Hill Civic Ass'n v. Harris,* 632 F.2d 1045, 1054 (3d Cir.1980)) and accept all reasonable inferences therefrom. *Hayes v. Community General Osteopathic Hosp.,* 730 F.Supp. 1333 (M.D.Pa.1990), *aff'd,* 940 F.2d 54 (3d Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 940, 117 L.Ed.2d 110 (1992); *Britamco,* 845 F.Supp. at 1092.

## COUNT III

Count III is a claim against Methodist alleging that Methodist failed to obtain Cor-

rigan's informed consent to the use of the Acromed devices. Methodist argues that this count cannot stand because, under Pennsylvania law, only treating physicians and surgeons have a duty to obtain informed consent from patients. Accordingly, it argues that there is no cause of action against it, a hospital. Corrigan disagrees and argues that there are three exceptions to this general rule and that under each of those three exceptions, Methodist had an obligation to obtain her informed consent before surgery.

■ Pennsylvania law on the general issue of informed consent is well established. *Hurley v. Won,* 9 Pa.D. & C.3d 796 (C.P. 1979). Pennsylvania requires every doctor to receive an informed consent to surgery from every patient who is mentally and physically able to understand and consent and who is not in an emergency situation. *Doe v. Dyer-Goode,* 389 Pa.Super. 151, 566 A.2d 889 (1989), *app. denied,* 527 Pa. 587, 588 A.2d 509 (1990); *Cooper v. Roberts,* 220 Pa.Super. 260, 286 A.2d 647 (1971). The tort of failure of informed consent sounds in battery, not negligence. *Moure v. Raeuchle,* 529 Pa. 394, 405, 604 A.2d 1003, 1008 (1992); *Gouse v. Cassel,* 532 Pa. 197, 203, 615 A.2d 331, 334 (1992); *Foflygen v. Zemel,* 420 Pa.Super. 18, 33, 615 A.2d 1345, 1353 (1992) (citing cases), *app. denied,* 535 Pa. 619, 629 A.2d 1380 (1993). Because the tort is based on battery, an intentional tort, "the law imposes no duty on a hospital to obtain consent from a patient prior to an operation." *Hurley* at 798; *McKnight v. American Red Cross,* No. 92–4038, 1994 WL 323861 at *3 (E.D.Pa. July 6, 1994); *Foflygen,* 420 Pa.Super. at 33, 615 A.2d at 1353 ("Under normal circumstances, only the physician who performs the operation on the patient has the duty of obtaining the patient's informed consent"). There are, however, three exceptions to the general rule.

The first and second exceptions were developed in *Friter v. Iolab Corp.,* 414 Pa.Super. 622, 607 A.2d 1111 (1992). In *Friter,* the Superior Court held that the hospital did have a duty to obtain informed consent from the plaintiff because of the special circumstances of the surgery. Mr. Friter's doctors implanted certain lenses into Mr. Friter's eyes without informing him that the lenses were part of an FDA regulated experiment. According to federal law, FDA regulations, and an agreement between the hospital, doctors and the FDA, the hospital was bound to obtain informed consent from any patient undergoing this experimental treatment.

First, the Superior Court held that although a "hospital ha[d] never been held liable to a patient under a theory of lack of informed consent," this case did not arise under the traditional informed consent tort. *Id.* at 627, 607 A.2d at 1113. In this case, "the hospital, as a participant in a clinical investigation for the FDA, specifically assumed a duty to ensure that an informed consent was obtained by any patient participating in the study." *Id.*

Second, the Court reasoned that the hospital "intended to cause patients to come in contact with a foreign substance," which opened it up to a battery claim. *Id.* at 631, 607 A.2d at 1115. Later courts have construed *Friter* narrowly and limited it to its specific facts. *Jones v. Philadelphia College of Osteopathic Med.,* 813 F.Supp. 1125, 1130 (E.D.Pa.1993).

The third exception upon which Corrigan relies is not based on battery but on negligence. In *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991), the Supreme Court of Pennsylvania established a new cause of action against hospitals based on corporate negligence. It held that "[c]orporate negligence is a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital." *Id.* at 339, 591 A.2d at 707. The Supreme Court found four areas of duty owed by a hospital:

(1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

(2) a duty to select and retain only competent physicians;

(3) a duty to oversee all persons who practice medicine within its walls as to patient care; and

(4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.

*Id.* at 339, 591 A.2d at 707 (citations omitted).

To this Court's knowledge, only two courts have ever used *Thompson* to hold a hospital liable for informed consent. In 1989, our court held that under the Pennsylvania Superior Court decision later affirmed by *Thompson,* a claim against a hospital based on lack of informed consent would not be dismissed, because the hospital had a duty of its own to supervise its physicians. *Karibjanian v. Thomas Jefferson Univ. Hosp.,* 717 F.Supp. 1081, 1083 (E.D.Pa.1989). In 1991, the Bradford County Court of Common Pleas held similarly. *Campana v. Robert Packer Hosp.,* 12 Pa.D. & C.4th 343 (Bradford Cty.1991).

Other than the above cases, other courts that this Court is aware of that have addressed the issue of informed consent under *Thompson* have held that *Thompson* does not support such a claim. Those courts have held that *Thompson* establishes a claim of negligence, whereas failure of informed consent is a claim based on battery. For example, the York County Court of Common Pleas held "plaintiff has mistakenly assumed that corporate negligence, as found in *Thompson,* may be the underlying basis for a battery committed by a failure to obtain an informed consent.... We find ... that corporate negligence is a narrowly tailored cause of action allowing liability *only* for negligence 'in supervising the quality of the medical care' received." *Krout v. Martin,* 50 Pa.D. & C.3d 472, 475–76 (York Cty.1989) (emphasis in original); *Friter,* 607 A.2d at 1116 n. 1 ("corporate liability has to date been premised on proof of negligence").

▌ We find that these two lines of cases are reconcilable. It is well established that failure of informed consent is an intentional tort. Therefore, a hospital cannot be sued for corporate negligence for failure to seek informed consent under the traditional battery theory. A hospital can, however, be sued for negligently failing to oversee its doctors and failing to "formulate, adopt and enforce adequate rules and policies," which may include policies governing obtaining in-

formed consent. *Thompson,* 527 Pa. at 339, 591 A.2d at 707.

▌ Count III alleges that Methodist knew or should have known that the doctors were engaging in an informal clinical study using devices that were considered investigational by the FDA for spinal use and that the FDA had restricted their sale for spinal use to approved institutions, of which Methodist was not one. The Complaint alleges that based on this knowledge, Methodist had an affirmative and independent duty to advise Corrigan of any and all risks associated with the devices and to obtain her informed consent, but that Methodist breached that duty, such breach being the proximate cause of her damages. Complaint ¶¶ 42–45.

We find that Corrigan has pleaded sufficient facts to maintain her cause of action against Methodist. If Corrigan can show that Methodist was subject to FDA regulations regarding the experimental use of the devices, then she may have a cause of action under the *Friter* theory. Further, if Corrigan can show that Methodist had a duty to obtain her informed consent, she may have a cause of action for negligence. Corrigan has not, however, pleaded facts that would indicate that Methodist intended for her to come in contact with the devices, and so there is no direct claim for battery.

## COUNT VII

▌ Count VII of the complaint is a claim against all defendants alleging civil conspiracy. In our May 11, 1994 Order, we dismissed the civil conspiracy claim against Davne because the complaint did not allege malice.

In this motion to dismiss the civil conspiracy claim against it, Methodist argues that the complaint likewise does not plead malice by it. Corrigan's arguments in rebuttal are hard to comprehend. Corrigan begins by mischaracterizing Methodist's arguments, stating that "moving Defendant only questions whether Plaintiff has properly alleged any tort." A fair reading of Methodist's briefs demonstrates that this is simply not so. Corrigan further argues that both Davne and Myers were ostensible agents of Meth-

odist, and therefore, claims against Methodist as their principal should not be dismissed. However, Corrigan does not adequately demonstrate why our May 11, 1994 Order dismissing Count VII against Davne does not apply equally to Methodist.

First, we hold that for the reasons stated in our May 11, 1994 Order, Plaintiff has not pleaded malice against Methodist.

■ Second, we hold that Corrigan has not pleaded facts that would support its claim that Davne and Myers were ostensible agents of Methodist. In Pennsylvania, an independent contractor doctor can be an ostensible agent of a hospital if (1) the patient looks to the hospital for care, not the individual doctor, and (2) the hospital holds the doctor out as its employee. *Simmons v. St. Clair Mem. Hosp.*, 332 Pa.Super. 444, 452, 481 A.2d 870, 874 (1984) (citing *Capan v. Divine Providence Hosp.*, 287 Pa.Super. 364, 368–70, 430 A.2d 647, 649–50 (1980)). Ostensible agency is typically found in the emergency room setting, where a patient goes to the emergency room for services and accepts them from whichever doctor is assigned to her case. Corrigan has not pleaded facts that would indicate that she looked to Methodist, rather than Drs. Davne and Myers, for her care, nor that Methodist held those doctors out as its employees.

■ Moreover, even if Corrigan had pleaded facts to show ostensible agency, the conspiracy claim against Methodist would still fail. Corrigan's argument that Methodist is liable as a principle for its agents' conspiracy ignores the facts. If Davne and Myers were agents of Methodist and yet conspired with Methodist, this would violate the rule that a corporation cannot conspire with itself. *Daniel Adams Assoc. v. Rimbach Publishing*, 360 Pa.Super. 72, 81–82, 519 A.2d 997, 1002, *app. denied,* 517 Pa. 597, 535 A.2d 1056 (1987); *Nix v. Temple Univ.*, 408 Pa.Super. 369, 380 n. 3, 596 A.2d 1132, 1137 n. 3 (1991). Accordingly, Corrigan's claim against Methodist for civil conspiracy is DISMISSED.

Pursuant to this ruling, the claim of civil conspiracy likewise falls against Myers because there are no defendants remaining that he allegedly conspired with. So, although Myers has not raised the issue at this point, Corrigan's claim against Myers for civil conspiracy is DISMISSED.

## COUNT VIII

■ Count VIII of Plaintiff's Complaint seeks punitive damages from all defendants. Methodist and Davne[1] seek to dismiss this Count on the ground that Corrigan has not pleaded facts to show outrageous conduct that would support punitive damages. Count VIII alleges that Defendants "acted willfully, wantonly, and with reckless disregard for the consequences of their conduct, acts and omissions as described more fully at length herein." Complaint ¶ 95. In 1992, our Court held that identical language stated a claim for punitive damages. *Fields v. Graff,* 784 F.Supp. 224, 226 (E.D.Pa.1992); *McDaniel v. Merck, Sharp & Dohme,* 367 Pa.Super. 600, 622–23, 533 A.2d 436, 447 (1987), *app. denied,* 520 Pa. 589, 551 A.2d 215 (1988). Corrigan alleges that all defendants knowingly performed experimental surgery on her, without her consent, and with disastrous results. If Corrigan can prove this at trial, a jury may well find that this is outrageous. Accordingly, because Corrigan has pleaded facts to support a claim for punitive damages, Count VIII will not be dismissed.

## ORDER

AND NOW, this 1st day of November, 1994, upon consideration of Defendant Methodist Hospital's Motion for Judgment on the Pleadings as to Counts III, VII and VIII of Plaintiff's Complaint and Defendant Davne's Motion for Judgment on the Pleadings as to Count VIII of Plaintiff's Complaint, in the form of a Joinder to Methodist's Motion, and the responses thereto, the Motions are hereby GRANTED in part and DENIED in part.

It is hereby ORDERED that Count VII of Plaintiff's Complaint is DISMISSED as

---

1. We consider Davne's joinder motion because our May 11, 1994 Order specifically stated that it did not address Count VIII.

against Defendants Methodist Hospital and Myers.

In all other respects, the Motions are DENIED.