Eric BOWMAN, Appellant–Plaintiff,

v.

John BEGHIN, M.D., Appellee–Defendant.

No. 29A05–9807–CV–370.

Court of Appeals of Indiana.

July 13, 1999.

C. Warren Holland, Michael W. Holland, Holland & Holland, Indianapolis, Indiana, Attorneys for Appellant.

Julie L. Ezell, Lowe Gray Steele & Darko, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge

Eric Bowman appeals the trial court's order granting John Beghin, M.D.'s motion for summary judgment. Bowman raises one issue which we expand and restate as:

(1) whether a claimant must present expert testimony on the issue of informed consent where the claim is that a surgeon told his patient, the claimant, that he would perform a specific surgery and did not; and,

(2) whether a claimant must present expert testimony on the issue of causation where the claim is that he would not have consented to surgery but for the representation by a surgeon that he would perform a specific surgery.

We reverse.

The facts most favorable to the nonmovant follow. In 1991, Bowman injured his back. An MRI revealed Bowman had suffered a major herniation of a disc. At some point, Dr. Sartorius, a neurosurgeon, examined and treated Bowman. He then advised Bowman of a surgical procedure that would involve microdiscectomy (removal of the herniated disc) and a fusion. Dr. Sartorius also informed Bowman that he had consulted with a number of doctors, including a national expert. Bowman decided he wanted to proceed with the surgery. At this point, EBI, the company that handled his worker's compensation claim, told Bowman that he must obtain a second opinion from Dr. Beghin. After obtaining Bowman's medical records from Dr. Sartorius, Dr. Beghin informed Bowman that he would perform the same procedure that Dr. Sartorius had recommended. Relying upon Dr. Beghin's statement, Bowman signed a written consent to have Dr. Beghin perform the surgery. However, Dr. Beghin performed only the fusion, and not the microdiscectomy. Afterwards, Bowman continued to suffer back pain. He then presented a complaint to a medical review panel.

The medical review panel concluded "that the evidence does not support the conclusion that the defendant failed to meet the applicable standard of care as charged in the complaint." Record, pp. 67–68. Bowman then filed a complaint for damages which read in relevant part:

"1. At all times relevant herein, Eric Bowman has been a resident of Marion County, Indiana.

2. At all times relevant herein, the Defendant, John Beghin, M.D., has been a physician licensed to practice medicine in the State of Indiana.

3. In or around April 1992, Plaintiff came under the care and treatment of the Defendant, John Beghin, M.D.

4. On April 21, 1992, the Defendant, John Beghin, M.D., performed back surgery on the Plaintiff, Eric Bowman.

5. Subsequently, Dr. Beghin indicated that Mr. Bowman could be returned to work.

6. The Defendant, John Beghin, M.D., was negligent in care and treatment of the Plaintiff, Eric Bowman.

7. As a direct and proximate result of the negligence of the Defendant, Eric Bowman has sustained permanent injury. He has suffered a permanent impairment of his earning capacity. He has and will experience in the future physical and mental and [sic] pain and suffering and mental anguish."

Record, pp. 6–7. In response, Dr. Beghin filed a motion for summary judgment designating the opinion of the medical review panel. In addition, he designated three affidavits from members of the medical review panel affirming their expert medical opinion that "the resultant damages complained of by Eric Bowman were not caused or contributed to by any deviation from the applicable standard of care on the part of John L. Beghin, M.D., as alleged in the plaintiff's complaint." Record, pp. 70, 73, 76. In response, Bowman designated his affidavit wherein he described the alleged misrepresentations by Dr. Beghin and stated he would not have consented to the surgery had he known Dr. Beghin did not intend to perform both surgical procedures recommended by Dr. Sartorius. The trial court granted Dr. Beghin's motion.

## I.

The first issue is whether a claimant must present expert testimony on the issue of informed consent where the claim is that a surgeon told his patient, the claimant, that he would perform a specific surgery and did not. We have held that "[a]n action prefaced on the doctrine of informed consent is now considered as one based on negligence, not battery, an intentional tort. . . ." *Revord v. Russell*, 401 N.E.2d 763, 766 (Ind.Ct.App. 1980); *see also Auler v. Van Natta*, 686 N.E.2d 172, 175 (Ind.Ct.App.1997) ("We have recognized that when the substance of a claim of battery is based upon lack of informed consent in the rendition of professional services, the claim generally lies within the definition of malpractice and, therefore, falls within the scope of Indiana's Medical Malpractice Act"), *trans. denied,* 698 N.E.2d 1187. Thus, Bowman must show a duty owed to him and a breach of that duty (by falling below the set standard of care) which proximately causes a compensable injury.[1] *Id.*

A physician must conform to the standard of care of a reasonably prudent physician in providing care to a patient. *Vergara by Vergara v. Doan*, 593 N.E.2d 185, 187 (Ind.1992) That standard requires that a physician provide information to a patient about a contemplated procedure that will permit the patient to make a decision whether or not to have the contemplated procedure. *Culbertson v. Mernitz*, 602 N.E.2d 98, 101 (Ind.1992) *(citing Joy v. Chau*, 177 Ind. App. 29, 39, 377 N.E.2d 670, 676–77 (1978)). The patient must be in a position to give an "informed consent." Where professional judgment and knowledge is required to determine what a reasonably prudent physician should tell a patient in order to obtain an "informed consent," expert testimony is required to establish what it is that a physician should tell a patient. *Culbertson*, 602 N.E.2d at 104; *Weinberg v. Geary*, 686 N.E.2d 1298,

1301 (Ind.Ct.App.1997), *reh'g denied, trans. denied,* 706 N.E.2d 168. In *Culbertson*, the supreme court quoted from the 1992 Code of Medical Ethics what it considered to be "a reasonable statement on this issue of informed consent." *Id.* at 104. The portion of the Code read in relevant part:

> "The patient's right of self-decision can be effectively exercised only if the patient possesses enough information to enable an intelligent choice. The patient should make his own determination on treatment. The physician's obligation is to present the medical facts accurately to the patient . . . and to make recommendations for management in accordance with good medical practice . . . Informed consent is a basic social policy for which exceptions are permitted (1) where the patient is unconscious or otherwise incapable of consenting and harm from failure to treat is imminent; or (2) when risk-disclosure poses such a serious psychological threat of detriment to the patient as to be medically contraindicated. Social policy does not accept the paternalistic view that the physician may remain silent because divulgence might prompt the patient to forego needed therapy. Rational, informed patients should not be expected to act uniformly, even under similar circumstances, in agreeing to or refusing treatment."

*Id.* at 103–104.

Expert testimony is not always required to establish that a physician has met the required standard of care. *Culbertson*, 602 N.E.2d at 104. Where the failure is such that lay people could comprehend that a failure had occurred without needing expert opinion, none is required. *Id.* For example, where instruments are left in the body of a patient after surgery, the lay jury does not need expert testimony to inform it that the standard of care is not to leave instruments in the body. *Wright v. Carter*, 622 N.E.2d 170, 172 (Ind.1993) (holding that the "contin-

1. Were this a standard medical malpractice negligence case, it would be incumbent upon Bowman to come forward with expert medical testimony to rebut the lack of causation and demonstrate the existence of a genuine issue as to causation because Dr. Beghin has provided expert medical testimony establishing that his conduct did not cause Bowman's condition by designating affidavits from three physicians on the medical review panel, Dr. Herbert M. Biel, M.D., Dr. James W. Hardacker, M.D., and Dr. Anthony R. Lasich, M.D. *See Morton v. Moss,* 694 N.E.2d 1148, 1152 (Ind.Ct.App.1998).

ued presence of a foreign object introduced while performing a specific procedure, but serving no medical purpose once that procedure has been completed, does give rise to an inference of negligence" without the need for expert testimony); *Burke v. Capello,* 520 N.E.2d 439, 441 (Ind.1988) (holding that the standard of care need not be established by expert opinion where surgeons failed to remove two fragments of excess cement from a patient's wound resulting from surgery to replace a patient's hip); *Funk v. Bonham,* 204 Ind. 170, 183 N.E. 312, 316–317 (Ind. 1932) (holding that the failure to remove a sponge from an abdomen after an operation did not depend solely on expert testimony); *Klinger v. Caylor,* 148 Ind.App. 508, 522, 267 N.E.2d 848, 855–856 (Ind.Ct.App.1971) (holding that a patient was not required to present expert opinion refuting that of the surgeons who failed to remove surgical padding from her body after surgery); *see also Stumph v. Foster,* 524 N.E.2d 812, 815–816 (Ind.Ct.App.1988) (applying the *Burke* analysis to an action against a chiropractor who broke a patient's rib while manipulating the patient's spine), *reh'g denied.*

Similarly, in the area of informed consent, expert testimony may not always be necessary to establish a failure to conform to the standard of care. For example, the failure to advise a patient that a surgeon will remove the patient's leg hardly requires expert testimony to establish that the standard of care requires that the physician must tell the patient that such a procedure is to take place. A lay person can understand what is required. If a patient asks the surgeon if the surgeon is going to perform a specific procedure, a lay person can comprehend the need for the surgeon to respond accurately. Indeed, it violates the very Code of Medical Ethics quoted in *Culbertson.*

Such is the case here. Bowman asked Dr. Beghin if he was going to perform the procedure recommended by Dr. Sartorius which included the microdiscectomy. Dr. Beghin responded that he was. Based on that, Bowman consented to the surgery. Therefore, Bowman need not present expert testimony to establish a failure to conform to the standard of care on the issue of informed consent. *See Culbertson,* 602 N.E.2d at 104.

## II.

The second issue is whether a claimant must present expert testimony on the issue of causation where the claim is that he would not have consented to surgery but for the representation by a surgeon that he would perform a specific surgery and did not. The issue of proximate cause is a necessary element in any tort case. 21 I.L.E., Negligence § 2. In the context of informed consent, there must be a causal relationship between the physician's failure to inform and the injury to the plaintiff. *Revord,* 401 N.E.2d at 767. Such causal connection arises only if it is established that had revelation been made, consent to treatment would not have been given. *Id.* Thus, there is no proximate cause if the plaintiff would have submitted to the treatment even if a full disclosure had been made. *Id.*

It is also usually the case that expert opinion is required to establish a causal connection between the acts or omissions of the physician and the injury to the patient. *Daub v. Daub,* 629 N.E.2d 873, 878 (Ind.Ct. App.1994), *trans. denied.* Here, however, the injury to the patient is the surgery to which he claims he would not have consented but for the representation by Dr. Beghin that he would perform the procedures recommended by Dr. Sartorius. Unconsented to surgery is in the nature of a battery and is malpractice. *See Auler,* 686 N.E.2d at 175. A lay jury is capable, without the benefit of expert opinion, of deciding the truth of Bowman's claim that he would not have consented to the surgery but for the misrepresentations of what procedure would be done. Therefore, Bowman's affidavit is sufficient to generate a genuine issue of fact as to the cause of his consenting to surgery. *See Smith v. Beaty,* 639 N.E.2d 1029, 1034 (Ind. Ct.App.1994); *Daub,* 629 N.E.2d at 878.

For the foregoing reasons, we reverse the trial court's order granting Beghin's motion for summary judgment.

Reversed.

NAJAM, J., and BAILEY, J. concur